ORIGINAL

203-15

No. PD-0203-15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

ALEX CRANK, II    APPELLANT, APPLICANT, PETITIONER

V.

THE STATE OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

APPELLANT'S OUT-OF-TIME PETITION
FOR DISCRETIONARY REVIEW

AUTHORIZED BY: WR-82,671-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 21 2015

Abel Acosta, Clerk

COURT OF APPEALS
No. 08-09-00109-CR

COURT OF APPEALS FOR
THE EIGHTH
JUDICIAL DISTRICT
OF TEXAS

TRIAL CAUSE No. 2007-CR-10969
IN THE 227th JUDICIAL
DISTRICT COURT OF BEXAR
COUNTY, TEXAS

THE HONORABLE JUDGE
PHILIP A. KAZEN, JR.

ORAL ARGUMENT IS WAIVED.

ALEX S. CRANK, II
T.D.C.J. # 0155959/
POLUNSKY UNIT (TL)
3872 F.M. 350 SOUTH
LIVINGSTON, TEXAS, 77351

I.

# NAMES OF PARTIES

1. Honorable Judge Philip A. Kazen, Jr. 227th Judicial District 101 W. Nueva, Ste. 217, San Antonio, TX, 78205; 335-2304.
2. Bexar County District Attorney Susan Reed, 300 Dolorosa San Antonio, TX, 78205; (210) 335-2311.
3. State Prosecuting Attorney, P.O. Box 12405, Capitol Station, Austin, TX, 78711.
4. Daniel Kindred, P.O. Box 808, Hondo, TX, 78861; (210) 355-5315.
5. Jefferson K. Moore, 8438 Fountain Circle, San Antonio, TX, 78229.
6. Deborah Letz, 957 N. Paxton St., Alexandria, VA, 22304.
7. Angela Moore, 101 W. Nueva St., Ste. 310, San Antonio, TX, 78205.
8. Lori Olenick Rodriguez Miller (210) 379-4684, lori olenick @ gmail.com #9000 1869.
9. J. Cheves Ligon, 3820 Vitruvian Way #447, Addison, TX, 75001.
10. Alex S. Crank, #, Appellant 3872 F.M. 350 So. Polunsky Levingston, TX, 77351.

II.

# TABLE OF CONTENTS

PAGE # - GROUND # - DESCRIPTION

I. - COVER PAGE: PD-0203-15.

II. - NAMES OF PARTIES

IV. - INDEX OF AUTHORITIES

V. - STATEMENT REGARDING ORAL ARGUMENT.

VI. - STATEMENT OF THE CASE.

VII - STATEMENT OF PROCEDURAL HISTORY.

VIII-XII - APPLICATION FORM.

1. - 1 - COURT'S IMPROPER DENIAL OF MOTION TO WITHDRAW.

2. - 2 - COURT'S OVERRULING OBJECTION: DOUBLE JEOPARDY.

3. - 3 - COURT'S ABUSE OF DISCRETION: EXTRANEOUS OFFENSE.

4,5. - 4,5 - DEFICIENT TRIAL COUNSEL: FAILURE TO EQUIP.

6,7. - 5 - DEFICIENT COUNSEL: FAILURE TO SUSTAIN MOTION.

8,9. - 6 - DEFICIENT COUNSEL: FAILURE TO CONFER.

10. - 7 - DEFICIENT APPELLATE COUNSELS': FAILURE TO OBJECT-WITHDRAW.

11,12. - 8 - DEFICIENT APPELLATE COUNSELS': INEFFECTIVE TRIAL COUNSEL.

13. - 9 - DEFICIENT APPELLATE COUNSELS': FILING FRIVOLOUS BRIEF.

14,15. - 10 - APPEAL COURT'S DISPOSITION OF FRIVOLOUS BRIEF.

XIII. - PRAYER OF ALEX S. CRANK, II.

XIV. - APPENDIX - ADOPTION BY REFERENCE.

XV. - CERTIFICATE OF SERVICE.

XVI. - APPLICATION FORM.

XVII. - INMATE'S DECLARATION.

XVIII. - APPLICATION FORM.

# INDEX OF AUTHORITIES

| GROUND(s) # | AUTHORITY | PAGE(s) # |
|---|---|---|
| 5 | V.T.C.A. AGRICULTURE CODE §76.112 | 7. |
| 3,9 | INDICTMENT # V0938P3195 | 2., 13. |
| 7,8,9 | MOTION TO WITHDRAW | 10., 11., 12., 13. |
| 3,4 | MOTION IN LIMINE | 3., 4. |
| 6 | MOTION TO QUASH | 8. |
| 6 | MOTION TO OBTAIN EVIDENCE FAVORABLE | 8. |
| 1,8 | MOTION TO DISMISS APPOINTED COUNSEL | 1., 11., 12. |
| 6 | APPLICATION TO SUBPEONA WITNESSES | 8. |
| 7,8 | MOTION FOR NEW TRIAL | 10., 12. |
| 7,8 | MOTION TO SUPPLEMENT RECORD | 10., 12. |
| 7,8 | 19-PAGE LETTER TO APPELLATE ATTORNEY | 10., 12. |
| 7,8,10 | COURT OF APPEALS' OPINION (PAGE 2) | 10., 11., 15. |
| 10 | COURT OF APPEALS' OPINION (PAGE 4) | 15. |
| 9 | 2007-CR-10969-W1 MEMORANDUM, (PAGE 11.(c)) | 13. |
| 10 | 2007-CR-10969-W1 MEMORANDUM, (PAGE 37.(m)) | 15. |
| 8,9,10 | APPELLANT'S BRIEF | |
| 9 | FACTS-FINDINGS/CONCLUSIONS-LAW, (PAGE 8 (i)) 2007-CR-10969-W1 | 13. |
| | TEXAS R. APP. PROC., RULE 9.7 | APPENDIX |

No. PD-0203-15

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

ALEX CRANK, II     APPELLANT, APPLICANT, PETITIONER

V.

THE STATE OF TEXAS

---

# APPELLANT'S OUT-OF-TIME PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

APPELLANT RESPECTFULLY SUBMITS THIS PETITION FOR DISCRETIONARY REVIEW AND MOVES THIS HONORABLE COURT GRANT REVIEW OF THIS HIS CAUSE AND OFFERS THE FOLLOWING IN SUPPORT THEREOF:

---

# STATEMENT REGARDING ORAL ARGUMENT

---

APPELLANT HEREBY WAIVES AN ORAL ARGUMENT BECAUSE HE IS PHYSICALLY DISABLED AND IS NOT ELOQUENT IN SPEECH. MOREOVER HE IS MOSTLY SLOW-OF-SPEECH AND MAY BE CONSIDERED NON-RESPONSIVE, IF FORCED TO ANSWER A QUESTION MORE QUICKLY.

V.

# STATEMENT OF THE CASE

SEPTEMBER 14, ANNO DOMINI 2007 - ALEX S. CRANK, II ARRESTED - ATTEMPTED MURDER # NM 94546

SEPTEMBER 24, 2007 - THE LATE., ALEX CRANK, PATIENT, PASSES ON, GOD REST HIS SOUL.

DECEMBER 12, 2007 - INDICTMENT # V0938P3195.

FEBRUARY 23, 2009 - JURY TRIAL ENDS, GUILTY, 99 YEARS.

MARCH 4, 2009 - APPEALS COURT # 04-09-00157-CR.

APRIL 20, 2009 - APPEALS COURT # 08-09-00109-CR.

APRIL 29, 2011 - EIGHTH COURT OF APPEALS JUDGMENT.

AUGUST 19, 2011 - EIGHTH COURT OF APPEALS MANDATE.

MARCH 8, 2012 - APPELLANT RECEIVES MANDATE AND OPINION.

APRIL 12, 2012 - PETITION DISCRETIONARY REVIEW (PD-0347-12).

MAY 23, 2012 - ATTORNEY GRIEVANCES FILED STATE BAR.

JULY 21, 2012 - MOTION FOR JUDICIAL NOTICE OF FACTS.

DECEMBER 20, 2012 - HABEAS CORPUS FILED (11.07).

MARCH 12, 2013 - HABEAS PETITIONER'S MOTION FOR DISCOVERY.

JANUARY, 2015 - FACTS/FINDINGS AND CONCLUSIONS OF LAW.

FEBRUARY 4, 2015 - COURT CRIMINAL APPEALS GRANTS # WR-82,671-01

SEPTEMBER 15, 2015 - PETITION FOR DISCRETIONARY REVIEW DUE.

VI.

# STATEMENT OF PROCEDURAL HISTORY

ON SEPTEMBER 19, ANNO DOMINI 2007, UNDER #NM 94546, ATTEMPTED MURDER, APPELLANT/PETITIONER, BEING INDIGENT, WAS APPOINTED ATTORNEY DANIEL KINDRED, WHO WAS CALLED TO DUTY IN IRAQ, AND REPLACED, ON 3-24-08, UNDER #2007-CR-10969, MURDER, WITH JEFFERSON MOORE, WHO FILED HIS MOTION TO WITHDRAW ON 12-24-08, CITING: CONFLICT-OF-INTEREST.

ON 2-23-09, JUDGE PHILIP A. KAZEN, JR. READ JURY'S GUILTY VERDICT IN OPEN COURT FOLLOWING A NOT-GUILTY-SELF-DEFENSE PLEA. APPELLANT APPEALED THE CONVICTION/SENTENCE - 99 YEARS #04-09-00157-CR TRANSFERRED TO # 08-09-00109-CR AND WAS APPOINTED APPEAL ATTORNEY DEBORAH LETZ, WHO QUIT HER JOB AND REPLACED WITH LORI O. RODRIGUEZ (NOW MILLER).

THE HONORABLE 8th COURT OF APPEALS ORDERED #08-09-00109-CR 4-29-11 AND ISSUED MANDATE 8-19-11, WHICH WAS RECEIVED BY APPELLANT NOV. 9, 2011, WITH NO COURT OPINION, READING, "THERE WAS ERROR IN THE JUDGMENT".

APPELLANT RECEIVED A CORRECTED, TRUE AND CORRECT MANDATE ON 3-8-12. THIS MANDATE READS, "CONCLUDES THERE WAS NO ERROR IN THE JUDGMENT". APPELLANT THEN FILED HIS PETITION FOR DISCRETIONARY REVIEW ON 4-12-12 # PD-0347-12; AND HIS STATE HABEAS CORPUS # 2007-CR-10969-W1 ON DEC. 20, 2012.

THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS ISSUED MANDATE WR-82,671-01 ON MARCH 2, 2015 AUTHORIZING THIS OUT-OF-TIME PETITION FOR DISCRETIONARY REVIEW.

THERE WAS NO MOTION FOR REHEARING FILED.

VII.

Case No. _____
(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: _ALEX CRANK II_

DATE OF BIRTH: _JUNE 22, ANNO DOMINI 1960._

PLACE OF CONFINEMENT: _T.D.C.J. POLUNSKY UNIT (TL),_

TDCJ-CID NUMBER: _#01559591_   SID NUMBER: _2494660,_  269160

(1)   This application concerns (check all that apply):

☐   a conviction          ☐   parole

☐   a sentence            ☐   mandatory supervision

☐   time credit           ☒   out-of-time appeal or petition for
                              discretionary review

(2)   **What district court entered the judgment of the conviction you want relief from?**
(Include the court number and county.)

_HONORABLE 227th DISTRICT COURT, BEXAR COUNTY, TEXAS_

(3)   **What was the case number in the trial court?**

_2007-CR-10969_

(4)   **What was the name of the trial judge?**

_HONORABLE PHILIP A. KAZEN, JR._

Effective: January 1, 2014                    T

Rev. 01/14/14

VIII.

(5)   Were you represented by counsel? If yes, provide the attorney's name:
FIRST - DANIEL KINDRED - SEPTEMBER, 2007 TO MARCH, 2008;
SECOND - JEFFERSON KERN MOORE - MARCH 24, 2008 TO FEBRUARY 23, 2009.

(6)   What was the date that the judgment was entered?

FEBRUARY 23, 2009 ANNO DOMINI.

(7)   For what offense were you convicted and what was the sentence?

MURDER - 99 YEARS.

(8)   If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

UNKNOWN.

(9)   What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☒ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

UNKNOWN.

(10)  What kind of trial did you have?

☐ no jury                  ☒ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

IX.

**(11)** Did you testify at trial?  If yes, at what phase of the trial did you testify?

YES. UNKNOWN.

**(12)** Did you appeal from the judgment of conviction?

☑ yes                    ☐ no

If you did appeal, answer the following questions:

FOURTH COURT TRANSFERRED TO

**(A)** What court of appeals did you appeal to?  EIGHTH COURT OF APPEALS.
04-09-00157-CR - MARCH, 2009.

**(B)** What was the case number?  08-09-00109-CR - APRIL 2009 TO MARCH 5, 2012.

**(C)** Were you represented by counsel on appeal? If yes, provide the attorney's name: DEBORAH D. LETZ ; ANGELA MOORE ; LORI RENEE OLENICK RODRIGUEZ (MILLER) ; J. CHEVES LIGON.

"ERROR IN JUDGMENT" - 8-19-11.

**(D)** What was the decision and the date of the decision? "NO ERROR IN JUDGMENT" - 3-5-12.

**(13)** Did you file a petition for discretionary review in the Court of Criminal Appeals?

☑ yes                    ☐ no

If you did file a petition for discretionary review, answer the following questions:

**(A)** What was the case number?  PD-0347-12

APRIL 18, 2012

**(B)** What was the decision and the date of the decision?  "NO ACTION TAKEN".

**(14)** Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☑ yes                    ☐ no

If you answered yes, answer the following questions:

**(A)** What was the Court of Criminal Appeals' writ number?  WR-82,671-01.

-3-

Rev. 01/14/14

X.

**(B)** What was the decision and the date of the decision? PET. DISC. REV.
REMAINING CLAIMS DISMISSED WITHOUT PREJUDICE.

**(C)** Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

APPELLANT ATTORNEY WOULD NOT INCLUDE INEFFECTIVE

ASSISTANCE OF TRIAL COUNSEL ON DIRECT REVIEW

BUT DIRECTED APPELLANT TO USE THE WRIT OF

HABEAS CORPUS FOR I.E.A.O.T.C. CLAIMS

(SEE PAGE 3 MEMORANDUM - WR, 82, 671-01.

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes ☒ no

If you answered yes, please provide the name of the court and the case number:

NOT APPLICABLE.

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes ☐ no

NOT APPLICABLE.

If you answered yes, answer the following questions:

**(A)** What date did you present the claim? NOT APPLICABLE.

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

NOT APPLICABLE.

If you answered no, please explain why you have not submitted your claim:

NOT APPLICABLE.

-4-

Rev. 01/14/14

XI.

_____

_____

_____

_____

_____

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Rev: 01/14/14

XII

**GROUND ONE:** VIOLATION OF PETITIONER'S 5th, 14th, DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY HEARING COURT'S IMPROPER DENIAL OF ATTORNEY J. MOORE'S PRE-TRIAL MOTION TO WITHDRAW CITING CONFLICT-OF-INTEREST.

**FACTS SUPPORTING GROUND ONE:** DESPITE MOTIONS TO: WITHDRAW, DISMISS APPOINTED COUNSEL AND AMENDMENT THERETO; THE HEARING COURT JUDGE, PAT PRIEST ABUSED HIS DISCRETION AND LEFT THE ATTORNEY/CLIENT CONFLICT-OF-INTEREST UNRESOLVED AND FORCED THIS HARMFUL CONFUSION UPON A JURY TO DECIPHER RENDERING PREJUDICE, EVIDENT THROUGHOUT THE UNCONSTITUTIONAL TRIAL. BEFORE SAID HEARING ON FEBRUARY 9, ANNO DOMINI 2009, THE DEFENDANT WAS STRIPSEARCHED MULTIPLE TIMES, AT ONE OF WHICH HIS LEGAL NOTES AND MOTIONS WERE CONFISCATED. MR. MOORE STATED TO THE COURT THAT HE WAS CONCERNED FOR HIS OWN SAFETY, AND HE REQUESTED TO BE NOTIFIED OF DEFENDANT'S RELEASE. THE JUDGE ORDERED THE DEFENDANT, "WELL, I'VE KNOWN HIM FOR FIFTEEN YEARS AND I THINK HE'LL DO OK," MR. J. MOORE FAILED TO PROTECT DEFENDANT'S

-6-

Rev. 01/14/14

**GROUND TWO:** *Violation of Petitioner's 5th, 14th, Due Process, Equal Protection; 5th Amendment Right to Double Jeopardy Protection by Trial Court's overruling Defendant's objection to State's Conjunctive Indictment.*

**FACTS SUPPORTING GROUND TWO:** *Trial Judge, P. Kazen, Jr. erred by not ruling on Defendant's Pro Se, Pre-Trial motion to Quash; and by Denying Trial Counsel's objection to State's Indictment alleging Differing Methods in the Conjunctive Effecting Misjoinder of offenses and could have been avoided by forcing the State to elect the paragraph upon which it will proceed or by adequately addressing Lesser Curative Measures, such as a Limiting Disjunctive Instruction to avoid multiple Punishments from the Duplicity of the Differing Methods Context, in which the same conduct is punished twice, the Court's Denial to disjunctively cure Indictment adversely affected the jury Instructions as a whole, Misleading*

8

Rev. 01/14/14

2.

**GROUND THREE:** VIOLATION OF PETITIONER'S 5th AND 14th AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW BY TRIAL JUDGE'S OVERRULING DEFENSE OBJECTIONS TO STATE'S USE OF AN OVER-TEN-YEAR-LAPSED EXTRANEOUS MISDEMEANOR OFFENSE DISCLOSED BEFORE THE JURY.

**FACTS SUPPORTING GROUND THREE:**

THE DEFENDANT HAD A HARD-WON, CLEAN CONVICTION RECORD, BUT FOR THIS OVER-TEN-YEAR-LAPSED NON-FELONY "OFFENSE" FOR SHOOTING A FERAL DOG THREATENING HIS STEP-SON, CHARLES THOMAS STEPHENS ON PRIVATE PROPERTY. THE DEFENDANT READILY ADMITTED THE CONVICTION TO THE JURY WHEN QUESTIONED BY THE PROSECUTION, RELIEVING THE STATE TO PROVE IDENTITY, NEVERTHELESS THE PROSECUTION PREVIOUSLY SET UP A FINGERPRINTING TABLE WITH A FINGERPRINTING EXPERT, IN THE JURISDICTION OF THE JURY, AND PROCEEDED TO TAKE EACH OF DEFENDANT'S TEN FINGERPRINTS AND ALL THAT ENTAILS. SAID UNWARRANTED PROCESS HUMILIATED

Rev. 01/14/14

3.

**GROUND FOUR:** VIOLATION OF PETITIONER'S 5,th 14th, DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY TRIAL COUNSEL'S FAILURE TO EQUIP DEFENDANT AND INTERROGATE HIS DISTINCT MOTIVE BEFORE JURY.

**FACTS SUPPORTING GROUND FOUR:** DESPITE MOTION IN LIMINE, TRIAL JUDGE ALLOWED THE OVER-TEN-YEAR-LAPSED EXTRANEOUS MISDEMEANOR OFFENSE'S SHOWCASING TO PREJUDICE JURY, HAD THE DEFENSE ATTORNEY PROPERLY QUESTIONED THE DEFENDANT, THE JURY WOULD KNOW: THE DEFENDANT DROVE TO HIS OLDEST STEP-SON'S, CHARLES THOMAS STEPHENS, HOUSE FOR TRAVEL TO A BOY SCOUT MEETING AT EARLY DARK, CHARLES THOMAS LEFT VEHICLE TO OPEN A GATE ON THE PROPERTY WHEN A FERAL DOG THREATENED HIM. HE GOT BACK IN DEFENDANT'S CAR SCARED, THE DEFENDANT THEN OPENED HIS TRUNK, GOT OUT HIS .22 RIFLE AND LOADED IT, THE FERAL DOG, STILL THREATENING, WAS SHOT TWICE, AND LEFT FOR DEAD, THE DEFENDANT AND HIS STEP-SON CONTINUED

12

Rev. 01/14/14

4.

ON TO THEIR BOY SCOUT MEETING. THE DEFENDANT'S MOTIVE WAS TO PROTECT HIS CHILDREN (FOR THEY, ALL FOUR, ARE REQUIRED TO OPEN AND CLOSE GATES) FROM A VICIOUS DOG WEARING NO COLLAR, NOR WAS OWNER IN SIGHT. FOR AT THE TRIAL FOR CRUELTY TO ANIMALS, OVER A DECADE PAST, THE OWNER OF SAID DOG TESTIFIED, "HE (THE DOG) HAS ONLY BEEN IN THREE OTHER FIGHTS AND KILLED THREE OTHER DOGS!" WHEN THE DEFENDANT HEARD THIS TESTIMONY, HE WAS ELATED. NOTWITHSTANDING, THE COURT JUDGE IGNORED COMMON SENSE AND RULED AGAINST THE DEFENDANT FOR SAID "OFFENSE."

Rev. 01/14/14

5.

**GROUND FIVE:** VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION, 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY ATTORNEY MOORE'S FAILURE TO SUSTAIN HIS PRE-TRIAL MOTION TO WITHDRAW CITING CONFLICT-OF-INTEREST.

**FACTS SUPPORTING GROUND:** DESPITE HIS ETHICAL AND CONSTITUTIONAL DUTY TO WITHDRAW, MR. MOORE DID NOT REFUSE HIS APPOINTMENT AT THE PRE-TRIAL HEARING ON FEB. 9, ANNO DOMINI 2009, FOR HIS SAID MOTION. MR. J. MOORE'S STATEMENT OF BEING IN FEAR FOR HIS OWN SAFETY AND REQUEST TO BE NOTIFIED OF DEFENDANT'S RELEASE PRESUMED ACCORDANCE BY JUDGE PAT PRIEST, AND COST THE DEFENDANT A CONSTITUTIONAL TRIAL AND EFFECTIVE REPRESENTATION THEREBY, HIS FAILING TO SUSTAIN HIS SAID MOTION. PRIOR TO ENTERING THE HEARING, THE DEFENDANT WAS STRIPSEARCHED MULTIPLE TIMES, AT ONE OF WHICH HIS LEGAL NOTES AND MOTIONS WERE CONFISCATED AND THE DEFENDANT WAS FORCED TO PROCEED RECORDLESS.

14

Rev. 01/14/14

6.

ATTORNEY J. MOORE WOULD NOT FILE A MOTION TO QUASH PRE-TRIAL, NOR SUBPEONA REQUESTED WITNESSES, NOR OBTAIN THE MANY LICENSES AND CERTIFICATES, IN THE DEFENDANT'S WALLET, TO USE AS FAVORABLE EVIDENCE, NOTWITHSTANDING, THE DEFENDANT'S V.T.C.A. AGRICULTURE CODE $ 76.112 LICENSE AUTHORIZED THE CHEMICAL APPLICATION AND RULES GOVERNING THE PROCEDURE, AND ITS RELEVANCY IS BUT ONE BATTLE IN AFOREMENTIONED ATTORNEY/CLIENT CONFLICT-OF-INTEREST, ATTORNEY MOORE REFUSED REQUESTED ARREST REPORT, REQUEST FOR EMERGENCY 911 TRANSCRIPT MADE BY DEFENDANT FIRST, FROM (210) 332-0448 THEN (WITH NO SIGNAL) SECOND, (210) 635-7914-AMBULANCE. MR. MOORE WAS HIGHLY INEFFECTIVE AND HIS ADVICE COMBATED, ADVERSELY AFFECTING THE JURY.

15

Rev. 01/14/14

7.

**GROUND: ~~TWO~~ SIX:** VIOLATION OF PETITIONER'S 5th, 14th AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW BY THE STATE'S SUPPRESSION OF EVIDENCE FAVORABLE TO AND REQUESTED BY AN ACCUSED.

**FACTS SUPPORTING GROUND:** DEFENDANT'S PRO SE PRE-TRIAL MOTIONS TO: QUASH INDICTMENT, OBTAIN EVIDENCE FAVORABLE TO DEFENDANT, APPLICATION TO SUBPEONA WITNESS; TOGETHER WITH THE TRIAL TESTIMONY OF DEFENDANT PROVIDED A THOUROUGH PREVIEW OF DEFENDANT'S CAUSE TO DEFENSE COUNSEL, DISTRICT ATTORNEY AND THE TRIAL COURT CLERK IN NECESSITATING THE COLLECTION OF EVIDENCE OF:

(A) COURT'S DENIAL OF ATTORNEY/CLIENT CONFLICT-OF-INTEREST;

(B) TRIAL COURT'S LACK OF MANDATORY HEARINGS ON PRO SE, PRE-TRIAL MOTIONS;

(C) TRANSCRIPTS OF DEFENDANT'S EMERGENCY 911 CALL FOR AN AMBULANCE FROM (210) 635-7914;

(D) DEFENDANT'S .38 SPECIAL PISTOL CARTRIDGES:

Rev. 01/14/14

8.

TWO "HP", AND ONE SHOTSHELL, SPENT; AND TWO LIVE ROUNDS: A SHOTSHELL, AND AN ANCIENT BRASS MILITARY "BALL" THAT MISFIRED, PROVING ESTOPPEL. IN PLAIN ENGLISH, THE DEFENDANT DID NOT EMPTY HIS FIVE-SHOT [ROSSI] PISTOL. THE MISFIRE WAS ALMIGHTY GOD'S SAYING, "IT IS ENOUGH". THE DEFENDANT BEGAN CARING FOR PATIENT IMMEDIATELY AFTER DISARMING HIM. WE ALSO PRAYED TOGETHER, WITH DEFENDANT'S REMINDING HIM OF HIS FAVORITE MEMORY – PATIENT KNEELING AT THE SONS' BEDSIDE PRAYING. THIS REWARDED DEFENDANT WITH A FULL SMILE FROM HIS DAD, THE PATIENT;

(E) TESTIMONY OF EUGENE OSBORN AS FIRST RESPONDER ON SCENE, CONTRADICTORY TO SHERIFF'S TRIAL TESTIMONY;

(F) TESTIMONY OF INTERIM SHERIFF RUDY TAFFOIA, "REDUCE CHARGE".

Rev. 01/14/14

**GROUND: ~~THREE:~~ SEVEN:** VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION, 6th AMENDMENT RIGHTS TO EFFECTIVE COUNSEL IN FIRST APPEAL OF RIGHT BY APPELLATE COUNSELS' FAILURE TO CHALLENGE COURT'S DENIAL OF MOTION TO WITHDRAW.

**FACTS SUPPORTING GROUND:** THE PRE-TRIAL HEARING FOR ATTORNEY J. MOORE'S MOTION TO WITHDRAW CITING CONFLICT-OF-INTEREST ON FEB. 9, ANNO DOMINI 2009, WAS DENIED BY JUDGE PAT PRIEST, LEAVING AFOREMENTIONED CONFLICT-OF-INTEREST UNRESOLVED. DEFENDANT WAS PERMITTED TO ATTEND SAID HEARING AFTER BEING STRIPSEARCHED MULTIPLE TIMES, AT ONE OF WHICH ALL HIS LEGAL NOTES AND MOTIONS WERE CONFISCATED. DEFENDANT CRANK WAS THEN FORCED TESTIFY RECORDLESS, AGAINST THE CONSTITUTION AND TEXAS RULES OF EVIDENCE. THIS CONFISCATION HELPED HEARING JUDGE DENY THE ATTORNEY/CLIENT OPPOSITION. THE PREJUDICE FROM THIS CONFLICT-OF-INTEREST, THAT INFECTED THE JURY SELECTION, THE JURY INSTRUCTIONS, QUESTIONING

14

Rev. 01/14/14

**GROUND: EIGHT:** VIOLATION OF PETITIONER'S 5th, 14th, DUE PROCESS, EQUAL PROTECTION, 6th AMENDMENT RIGHTS TO EFFECTIVE COUNSEL IN FIRST APPEAL OF RIGHT BY APPELLATE COUNSELS' FAILURE TO CHALLENGE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

**FACTS SUPPORTING GROUND:** THE PRE-TRIAL HEARING FOR ATTORNEY J. MOORE'S MOTION TO WITHDRAW CITING CONFLICT-OF-INTEREST WAS HELD ON FEB. 9 ANNO DOMINI 2009, AND DENIED BY JUDGE PAT PRIEST, WHICH LEFT AFOREMENTIONED CONFLICT-OF-INTEREST UNRESOLVED. SAID ATTORNEY WAS ETHICALLY AND LEGALLY OBLIGATED TO REFUSE APPOINTMENT TO REPRESENT DEFENDANT, SAID JUDGE WAS ETICALLY AND LEGALLY (JUDICIALLY) OBLIGATED TO GRANT WITHDRAWL CITING: CONFLICT-OF-INTEREST. THIS OBVIOUS BATTLE OF DEFENSIVE STRATEGIES SEEMED APPARENT TO THE EIGHTH COURT OF APPEALS, WHO MADE NOTE OF SAID CONFLICT ON PAGE TWO, OPINION. FAILURE OF APPELLATE COUNSELS TO DISCLOSE AND CHALLENGE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL REVEALS THE INADEQUATE PREPARATION MADE FOR APPELLANT'S

14

Rev. 01/14/14

11.

BRIEF AND CONSTITUTES THERE BEING NO COUNSEL OR ONLY INEFFECTIVE COUNSEL DURING THE DIRECT REVIEW AS EVIDENCED BY THE ONE-GROUND-MOOT-ISSUE APPELLANT'S BRIEF, APPELLANT NEVER RECEIVING BRIEF NOR RECORD FROM APPELLATE COUNSELS, AND HIS BEING LEFT WITHOUT BRIEF AND WITHOUT RECORD TO THIS DAY. DEFENDANT ESTABLISHED HIS PRE-TRIAL AND POST-TRIAL INEFFECTIVE ASSISTANCE CLAIMS BY HIS PRO SE MOTIONS: DISMISS, AMENTMENT THERETO, NEW TRIAL, SUPPLEMENT RECORD, AND BY HIS 19-PAGE LETTER TO APPELLATE COUNSELS. IN DENYING APPELLANT'S CLAIMS BY A CONSTITUTIONALLY GUARANTEED EFFECTIVE APPELLATE COUNSEL, APPELLATE COUNSELS HAVE ABANDONED APPELLANT TO ENSURE THAT PROPER CONSIDERATION IS GIVEN TO HIS SUBSTANTIAL CLAIM, FORCING HIM TO APPEAL WITHOUT COUNSEL OR RECORD.

15

Rev. 01/14/14

12.

**GROUND:** NINE! VIOLATION OF PETITIONER'S 5th, 14th, DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHTS TO EFFECTIVE COUNSEL IN FIRST APPEAL OF RIGHT BY APPELLATE COUNSELS' FRIVOLOUS DIRECT APPEAL, WHICH LEFT APPELLANT WITH NO TRIAL TRANSCRIPT.

**FACTS SUPPORTING GROUND:** FROM THE FACTS OF FINDINGS / CONCLUSIONS OF LAW OF APPELLANT'S STATE HABEAS CORPUS THE TRIAL JUDGE ORDERED ON DEC. 12, ANNO DOMINI 2014, THE APPELLANT WAS INFORMED: APPOINTED APPELLATE ATTORNEY - D. LETZ, NEXT, A. MOORE, NEXT, L. O. RODRIGUEZ, NOW MILLER, NEXT, J. LIGON, LAST, D. LETZ, THESE REPRESENTATIONS ARE EVIDENCE OF AN OLD ADAGE, 'PASS THE BUCK', WHO DID WHAT WHEN? IS A RELEVANT QUESTION CONCERNING CONTINUITY OF RESPONSIBLE PROFESSIONAL EFFECTIVENESS, ANTAGONISTIC TO THE MOOTNESS DOCTRINE, THE FRIVOLOUS APPELLANT'S BRIEF FILED IN THIS INSTANT CASE DID NOT CHALLENGE: (1) SUFFICIENCY OF THE EVIDENCE;

(2) ATTORNEY / CLIENT CONFLICT-OF-INTEREST; NOR

(3) INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

14

Rev. 01/14/14

13.

**GROUND ~~FOUR~~ TEN:** VIOLATION OF PETITIONER'S 5th, 14th AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW BY APPELLATE COURT'S NEEDLESS RESHOWCASING VIVID DESCRIPTIONS OF GRUESOME AND MORBID PHOTOGRAPHS INSTIGATED BY A MOOT-ISSUE, ONE-GROUND APPELLANT'S BRIEF.

**FACTS SUPPORTING GROUND ~~FOUR~~ TEN:**

THE HONORABLE EIGHTH COURT OF APPEALS ABUSED ITS DISCRETION BY ENTERTAINING A MERIT-LESS BRIEF FROM A PROFESSIONAL ATTORNEY.

THE PROBATIVE VALUE OF DESCRIBING AUTOPSY PHOTOGRAPHS TO SATISFY A MOOT-ISSUE BRIEF IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE TO THE APPELLANT. AFOREMENTIONED BRIEF SHOULD HAVE BEEN RETURNED; "FRIVOLOUS", TO ATTORNEY D. LETZ, OR ATTORNEY A. MOORE, OR ATTORNEY L.O. RODRIGUEZ (MILLER), OR ATTORNEY J. LIGON — OR DID THE CONTINUITY OF RESPONSIBLE PROFESSIONAL EFFECTIVENESS AFFECT THE HONORABLE COURT OF APPEALS' DISCERNMENT? ALTHOUGH THE SAID COURT DID EMPHASIZE THE EVIDENT CONFLICT—

Rev. 01/14/14

14.

CONFLICT-OF-INTEREST ON PAGE TWO OF ITS OPINION, NOT STRESSED WAS THE STATE'S FAILING TO REFUTE APPELLANT'S DEFENSE OF SELF-DEFENSE, PAGE FOUR, OPINION MENTIONS 13 EXHIBITS, #20-32, AND DETAILS 12 PHOTOS OF GRUESOME AND MORBID IMAGES HOWEVER, NOT EVEN MENTIONED IS EXHIBIT #22, IS THIS THE ONLY, ONE, DEFENDANT-REQUESTED, LONE "SURVIVAL" PHOTO OF PATIENT, BARE-SHIRTED, SITTING UP, UNASSISTED, LEANING ON ONE ARM (BEFORE THE ARRIVING SHERIFF'S INTERROGATION AND EMERGENCY MEDICAL SERVICES "EMERGENCY SURGERY" AND TRANSPORTATION TO HOSPITAL)? IF IT IS, THEN THIS IS THE ONLY PHOTOGRAPH APPELLANT SOUGHT TO BE PRESERVED, SEE PAGE 3, LETTER OF SUPPLEMENTATION TO COURT CLERK (CERT/SERV 7-17-09); AND IN HIS LETTER OF OBJECTION (CERT/SERV 5-6-09) TO WHOM IT MAY CONCERN.

(5.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, APPELLANT, ALEX S. CRANK, II, PRAYS THIS HONORABLE COURT CONCLUDES THAT THE OPINION OF THE EIGHTH COURT OF APPEALS WAS ERRONEOUS; AND THE TRIAL HELD IN THE 227th DISTRICT COURT, JUDGE PHILIP A. KAZEN, JR., PRESIDING, WAS UNCONSTITUTIONAL; AND THAT APPELLANT CRANK, II IS ACQUITTED OF CHARGE AND RELEASED FROM PRESENT CUSTODY.

_____

ALEX S. CRANK, II
T.D.C.J. # 01559591

# APPENDIX

APPELLANT/PETITIONER HEREBY ADOPTS THE HONORABLE EIGHTH COURT OF APPEALS' OPINION #08-09-00109-CR, ISSUED ON AUGUST 19, ANNO DOMINI 2011, AS FULLY SET FORTH AND INCORPORATED INTO THIS PETITION PURSUANT TO THE TEXAS RULES OF APPELLATE PROCEDURE RULE 9.7.

XIV.

## CERTIFICATE OF SERVICE

I, ALEX CRANK, II, APPELLANT, BEING PRESENTLY INCARCERATED IN THE POLUNSKY UNIT, POLK COUNTY, TEXAS, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THIS PETITION FOR DISCRETIONARY REVIEW IS POSTED THIS THE ___15th___ DAY OF SEPTEMBER, ANNO DOMINI 2015, VIA U.S. MAIL TO THE OFFICE OF THE STATE PROSECUTING ATTORNEY, P.O. BOX 12405, CAPITOL STATION, AUSTIN, TEXAS, 78711.

_____

ALEX S. CRANK, II
T.D.C.J. # 01559591
POLUNSKY UNIT
3872 F.M. 350 SOUTH (TL)
LIVINGSTON, TEXAS, 77351

XV.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____*Not Applicable.*_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public



Rev. 01/14/14

XVI

## PETITIONER'S INFORMATION

Petitioner's printed name: _NOT APPLICABLE,_

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _ALEX S. CRANK, II_ , am the (applicant) petitioner (circle one) and being presently incarcerated in _T.D.C.J. POLUNSKY UNIT_ , declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _SEPTEMBER 15_, 20 _15_.

_Alex Crank_
Signature of (Applicant) Petitioner (circle one)

Rev. 01/14/14

XVII.

## PETITIONER'S INFORMATION

Petitioner's printed name: _NOT APPLICABLE,_

Address: _____

_____

_____

Telephone: _____

Fax: _____


Signed on _____, 20_____.


_NOT APPLICABLE,_
Signature of Petitioner

Rev. 01/14/14

XVIII.